IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEROVENS MITCHELL, | § |
| Plaintiff, | § § § |
| V. | §   No. 3:13-cv-2460-L-BN |
| GRACIE V. KENNEDY, ET AL., | § § § |
| Defendants. | § § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Derovens Mitchell, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the presiding judge in a child support enforcement proceeding is responsible for violating his right to counsel and for being rude and that the mother of his children has denied him access to his children for 11 years. On June 25, 2013, the Court received Plaintiff's handwritten letter requesting assistance. *See* Dkt. No. 1. Because the correspondence did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and because Plaintiff failed to pay the statutory filing fee or seek *in forma pauperis* status,

the Court sent a notice of deficiency, *see* Dkt. No. 4. Plaintiff then tendered an amended complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 5 & 6. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. Then Court then sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 8. Plaintiff answered the interrogatories on August 7, 2013. *See* Dkt. No. 9.

In his complaint and interrogatory responses, Plaintiff generally accuses Gracie V. Kennedy of preventing him from scheduled visitations with his children, in violation of a court decree and the Texas Penal Code. *See* Dkt. No. 5 at 3; Dkt. No. 9 at Questions 1 & 4. He also seeks monetary damages against Judge Sean Finn for failure to provide him a court-appointed attorney. *See* Dkt. No. 5 at 2; Dkt. No. 9 at Question 5. By this lawsuit, Plaintiff seeks $1.2 million in monetary damages. *See* Dkt. No. 5 at 3; Dkt. No. 9 at Question 2.

The undersigned now concludes that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Initially, Plaintiff cannot sue Judge Finn for civil rights violations. Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). Plaintiff's only specific allegations against Judge Finn are that he was rude and would not appoint counsel, which eventually resulted in Plaintiff's detention in the Dallas County Jail for civil contempt and the deprivations associated with that incarceration. *See* Dkt. No. 5 at 2-3; Dkt. No. 9 at Question 5. The consideration of a motion to appoint counsel is a judicial act for which a judge is entitled absolute immunity. *See Spence v. Hood*, 170 F. App'x 928, 930 (5th Cir. 2006); *see also DeLeon v. City of Haltom City,* 106 F. App'x 909, 912 (5th Cir. 2004). Accordingly, the claims against Judge Finn should be summarily dismissed with prejudice as frivolous. *See Boyd*, 31 F.3d at 285.

Plaintiff has also failed to state a claim against Gracie Kennedy. It is well-settled that Section 1983 affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation. *See Thibodeaux v. Bordelon,* 740 F.2d 329, 332-33 (5th

Cir. 1984). Plaintiff's complaint and interrogatory responses establish that Kennedy did not act under color of state law. Plaintiff does not allege any other basis for federal question or diversity jurisdiction against this defendant. *See* Dkt. No. 9 at Questions 1 & 4.

To the extent that Plaintiff seeks a remedy for Kennedy's alleged violation of the Texas Penal Code, he has failed to state a claim for relief. There is no constitutional right to have someone criminally prosecuted, *see Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes, *see Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007); *see also Williams v. Cintas Corp.*, No. 3:07-cv-561-M, 2007 WL 1295802, at *2 (N.D. Tex. Apr. 10, 2007) ("federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action."), *rec. adopted,* 2007 WL 1300780 (N.D. Tex. May 2, 2007).

To the extent that Plaintiff complains that he is being unlawfully detained for contempt of court, that claim should also be summarily dismissed. In *Heck v. Humphrey,* the Supreme Court held that a state prisoner cannot bring a Section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* bar applies to convictions for civil contempt. *See, e.g., Lewis v. City of Waxahachie,* 465 F. App'x 383, 385 (5th Cir. 2012); *see also Fields v. Leonard*, No. 3:06-cv-115-L*,* 2006 WL 488690, at *1-*2 (N.D. Tex. Feb.

28, 2006).

Here, Plaintiff concedes the finding of contempt of court has not been reversed on appeal, expunged by executive order, or otherwise declared invalid. *See* Dkt. No. 9 at Question 9. Accordingly, any challenge to the contempt finding should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE